UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TAJUANDA JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:20-CV-2827 |
| | ) |
| EHOB, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Tajunda James ("James"), by counsel, bring this action against Defendant, EHOB, Inc. ("Defendant"), and shows as follows:

**OVERVIEW**

James bring this action brought under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, et. seq., as amended, and the Civil Rights Act of 1866 ("Section 1981"). Plaintiff contends she was discriminated because of her race, African American, in violation of Title VII and Section 1981. James also contends she was retaliated against for engaging in statutorily-protected activity.

**PARTIES**

1. James resided in the Southern District of Indiana at all times relevant to this action. She was employed by Defendant and was an employee as defined by 42 U.S.C. §2000e(f).

2. At all relevant times Defendant was continuously doing business in the southern district of Indiana and is an employer as defined by 42 U.S.C. §2000e(b).

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

4. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing this Complaint within ninety (90) days thereof.

5. As all events pertinent to this lawsuit occurred within the Southern District of Indiana, venue in this Court is proper.

## **FACTS**

6. Defendant hired James on or about January 9, 2019.  James was employed as a Machine Operator.  Prior to becoming a full-time, permanent employee, James worked for Defendant through a temporary staffing agency.

7. James was harassed by a Caucasian female who made threats, three things at her, and assaulted her.  James complained about these actions, and disciplinary action was taken against the offender.  Nevertheless, the harassment became more severe.

8. Thereafter, James was accused of workplace misconduct and was let go because, "[T]hings were not working out."  The explanation for her separation changed when Defendant challenged her claim for unemployment benefits, and yet again in response to the EEOC's request for a response to the charge she filed.

9. James had not previously been disciplined for any misconduct.

10. James was harmed by Defendant's unlawful conduct.

## LEGAL CLAIMS

### COUNT I:  RACE DISCRIMINATION

11. James hereby incorporates by reference paragraphs one (1) through ten (10) of this Complaint.

12. James was treated differently in the terms and conditions of her employment than non-African American employees.

13. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to James under Title VII and Section 1981.

14. James suffered harm as a result of Defendant's unlawful conduct.

### COUNT II: RETALIATION

15. James hereby incorporates by reference paragraphs one (1) through fourteen (14) of this Complaint.

16. James complained about what she reasonably believed was a hostile work environment because of her race.

17. Defendant retaliated against James by terminated her employment.

18. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to James under Section 1981.

19. James suffered harm as a result of Defendant's unlawful conduct.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Tajunda James, respectfully requests the following:

a) An Order finding Defendant liable for back wages in an amount to make Plaintiff whole;

b) An Order finding Defendant liable for compensatory damages in an amount to make Plaintiff whole;

c) An Order awarding Plaintiff punitive damages as a penalty for Defendant's intentional, unlawful conduct;

d) An Order awarding Plaintiff the costs of this action;

e) An Order awarding Plaintiff her attorneys' fees;

f) An Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:    (317) 500-0700
Facsimile:    (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:    (317) 500-0700
Facsimile:    (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff